**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )  <br> Plaintiff, ) <br>  ) <br> **ALABAMA ENVIRONMENTAL** ) <br> **COUNCIL,** ) <br>  ) <br> Plaintiff-Intervenor ) <br> v. ) <br>  ) <br> **ALABAMA POWER COMPANY,** ) <br>  ) <br> Defendant. ) | Case No. 2:01-cv-00152-VEH |

## ORDER VACATING IN PART MEMORANDUM ON CORRECT LEGAL TESTS

### I. BACKGROUND AND PROCEDURAL POSTURE

On June 28, 2004, this action was reassigned to the undersigned newly appointed judge. A scheduling order was entered on August 5, 2004. (Doc. 68). In response to ¶ (3) of page 2 of that order, the parties[1] agreed that there were two legal issues that were ripe for adjudication: (1) the correct legal test for determining a physical change, including the correct legal test for determining routine maintenance, repair, and replacement ("RMRR"); and (2) the correct legal test for determining a

---

[1] United States of America, Plaintiff ("United States"), Alabama Environmental Council ("AEC"), Plaintiff-Intervenor, and Alabama Power Company ("APC"), Defendant. The Plaintiffs will be collectively referred to as "EPA" unless the context indicates otherwise.

significant net emissions increase. After the parties had briefed those issues, the court issued a Memorandum on Correct Legal Tests. (Doc. 140).

After court-ordered mediation, the parties stipulated to certain facts.[2] APC moved for summary judgment. On August 14, 2006, the court entered Final Judgment in favor of APC. (Doc. 175). EPA filed a Motion to Clarify the Final Judgment Order. (Doc. 176). APC opposed the Motion. (Doc. 177). An Amended Order granting EPA's motion to clarify in part and denying the motion in part was entered on August 28, 2006. (Doc. 179). EPA appealed. (USCA 06-15456F).

By motion dated October 27, 2006, EPA moved the Eleventh Circuit to stay the appeal pending resolution of the Supreme Court's decision in *Environmental Defense v. Duke Energy Corp.*, 549 U.S. __, 127 S. Ct. 1423 (2007) (*Duke Energy III*).[3] APC filed an Opposition to EPA's Motion to Stay on October 30, 2007. On November 14, 2006, the Eleventh Circuit stayed the appeal to await *Duke Energy III*.

After *Duke Energy III* was issued, APC moved, on April 11, 2007, to Lift Stay and Reset Briefing Schedule. On April 26, 2007, EPA filed a Motion to Vacate and

---

[2] They also agreed to a Partial Consent Judgment, which the court entered and certified as final on June 19, 2006. That Partial Consent Judgment resolved all issues in the case relating to the Miller Plant.

[3] EPA refers to the original (Middle District of North Carolina) court decision as *Duke Energy I*, the Fourth Circuit's decision as *Duke Energy II*, and the Supreme Court's ruling as *Duke Energy III*. While this is not the Eleventh Circuit's practice, for consistency's sake, this court will adopt that nomenclature unless the context clearly indicates otherwise.

Remand, combined with its Opposition to APC's Motion to Lift Stay.

By Order entered June 7, 2007, the Eleventh Circuit on its own motion further stayed the appeal for thirty (30) days to allow EPA or AEC, or both, to apply to this court for Rule 60(b) relief. In its Order, the Court said that if the Rule 60(b) motion were filed, and this court indicated its belief that the 60(b) motion arguments had merit, the Plaintiffs could then ask the Eleventh Circuit to remand the action to this court for the entry of an Order granting the Rule 60(b) Motion. *See Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003). The Eleventh Circuit subsequently extended the thirty (30) day period for the filing of a Rule 60(b) motion.

On July 23, 2007, the United States timely filed a Rule 60(b) Motion. (Doc. 184). APC opposed the Motion. (Doc. 189). The United States filed a Reply to APC's Opposition on August 27, 2007. (Doc. 190).

On October 5, 2007, this court entered an Order on the United States' Motion For Relief from Judgment. (Doc. 191). The Order was, by design, equivocal. The court was not prepared to rule, without the benefit of any briefing or argument from the parties, that it would grant a Rule 60 motion <u>in its entirety</u>. (Doc. 191 at 7 - 9.). That the motion would be granted in part was a foregone conclusion; *Duke Energy III* abrogated this court's ruling on how emissions increases are measured. In issuing the Rule 60 Order, it was this court's intention to indicate that it would vacate the

3

emissions increase portion of this court's judgment, but that it was not prepared at that time to say it would also vacate that part of its Memorandum on Correct Legal Tests that dealt with the second legal test established therein: EPA's Routine Maintenance Repair and Replacement ("RMRR") exclusion to NSR/PSD permitting requirements. It was this court's intent to defer to the Eleventh Circuit should that Court choose to proceed to review the court's ruling on the RMRR issue. As noted, it was clear that either the Eleventh Circuit or this court would, at the appropriate time in response to *Duke Energy III*, vacate that portion of this court's ruling and judgment that decided the emissions measurement issue.

On October 15, 2007, in response to this court's Order on the United States' Motion For Relief from Judgment, the United States, this time joined by AEC, filed in the Court of Appeals a second motion to vacate and remand or, in the alternative, for a limited remand to permit this court to entertain a Rule 60(b) Motion they would file were their motion to remand granted. On October 26, 2007, APC filed its Opposition to the second motion to vacate and remand while reiterating its opposition to the first motion to vacate and remand. EPA filed a Reply on November 2, 2007.

On December 21, 2007, the Eleventh Circuit stated that this court could have fully addressed the merits of the parties' arguments in its Order on the United States' Motion For Relief from Judgment, but that this court had noted in its Order the

"obvious applicability" of *Duke Energy III* to the judgment on appeal. Accordingly, the Eleventh Circuit granted EPA's renewed motion for vacatur and remand, vacated this court's judgment, and remanded the action for further proceedings consistent with *Duke Energy III*. The Eleventh Circuit denied all remaining motions as moot.

## II. DISCUSSION

Because the Supreme Court, in *Duke Energy III*, spoke directly to the "increase in emissions" issue, a portion of the Court's Memorandum on Correct Legal Tests (doc. 140), specifically, this court's second ruling that:

> 2) Emission increases, for purposes of NSR/PSD analysis, are calculated only on the basis of "maximum hourly emission rates", not "annual actual emissions". Maximum hourly emissions must increase before PSD permitting is triggered; greater annual facility utilization is irrelevant to the analysis

is due to be vacated.

APC has filed a new Motion for Summary Judgment. (Doc. 193). EPA and AEC have filed a Joint Opposition to APC's Motion. (Doc. 195). APC has filed a Reply to EPA's Opposition. (Doc. 196). In its Motion and Reply, APC asserts it is entitled to summary judgment based on the court's ruling on the first question answered in the Court's Memorandum on Correct Legal Tests:

> 1) The [routine] exclusion applies to projects that are routine within the industry, by which is meant work of a type performed commonly within the industry, although perhaps infrequently at any specific one or more

of APC's particular plants (Doc. 140, 372 F.Supp.2d 1283, 1306-07).

The court thinks it will be easier on the parties and any reviewing court to address APC's summary judgment motion, EPA's Opposition, and APC's reply by separate opinion and order. The alternative would be cumbersome and confusing, *i.e.*, going back through Docs. 140, 173, 174, and 179, eliminating the sections and discussions dealing with the second question in the Memorandum on Correct Legal Tests (because those portions are abrogated by *Duke Energy III*), while retaining and revising, where necessary, those portions still applicable to APC's motion.

### III. ORDER

For the reasons stated above, the court's second ruling in its Memorandum on Correct Legal Tests (doc. 140) is hereby **VACATED.** APC's pending Motion for Summary Judgment remains under submission.

**DONE** and **ORDERED** this the 25th day of February, 2008.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge