# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) |
| | ) |
| ALABAMA ENVIRONMENTAL COUNCIL, | ) |
| | ) |
|     Plaintiff-Intervenor | ) |
| v. | )   Civil Action No. 2:01-CV-152-VEH |
| | ) |
| ALABAMA POWER COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## FINAL JUDGMENT ORDER

Pending before the Court are (1) Alabama Power Company's Motion to Strike Paragraph 5 of Dr. Ranajit Sahu's ("Sahu") Declaration and Exclude this New Opinion From Evidence (doc. 312) and (2) Alabama Power's Motion Limine to Exclude on *Daubert* Grounds (doc. 292). For the reasons explained in the accompanying memorandum opinions, Alabama Power's Motion to Strike is **GRANTED** and Alabama Power's Motion in Limine insofar as it relates to Sahu and Mr. Robert H. Koppe ("Koppe") is **GRANTED**.

Pursuant to Federal Rule of Civil Procedure 56(f)(3), a court may, after giving notice and a reasonable time to respond, "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."

In a teleconference held on January 5, 2011, the Court put the parties on notice that, pursuant to Rule 56(f), the Court could grant summary judgment as to all claims if there was no admissible evidence as to net emissions increases. (Doc. 357 at 19). The Court gave both parties the opportunity to indicate any areas that had not been fully addressed so a briefing schedule could be entered. *Id.* at 6.

The Court has previously ruled that Plaintiffs bear the burden of proving that the projects at issue were "major modifications," meaning "a physical change that resulted in a net emissions increase." (Doc. 198 at 39); *see Envtl. Def. v. Duke Energy Corp.*, 549 U.S. 561, 569 (2007). This requirement is based on the Alabama State Implementation Plan rules applicable in this case, which provide that a pre-construction permit is only required for a "major modification . . . that would result in a significant net emissions increase" (Ala. Admin. Code r. 335-3-14.04(2)(b)) in excess of 40 tons per year (Ala. Admin. Code r. 335-3-14.04(2)(w)) (the "threshold limit").

At the hearing held on February 18, 2011, Plaintiffs admitted that, if Sahu and Koppe were excluded, they could not prove that net emissions would increase in an amount above the threshold limit as a result of the modifications at issue. (Doc. 370, Tr. 351). Therefore, having given the parties notice and a reasonable time to respond, the Court finds that Alabama Power is entitled to summary judgment on all claims.

Plaintiffs' case is **HEREBY DISMISSED WITH PREJUDICE.**

**SO ORDERED** this the 14th day of March, 2011.

                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge