FILED
2014 Feb-05 PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,** )
**Plaintiff,** )
)
**ALABAMA ENVIRONMENTAL** )
**COUNCIL,** )
)
**Plaintiff-Intervenor** )
**v.** ) **Civil Action No. 2:01-CV-152-VEH**
)
**ALABAMA POWER COMPANY,** )
)
**Defendant.** )

---

**MEMORANDUM OPINION AND ORDER**

Currently before the court is the Government's Motion to Vacate and Recuse, and supporting brief, doc. 386, as supplemented, doc. 389.[1] The motion has been responded to by Defendant Alabama Power Company (doc. 390). The motion accordingly is under submission.[2]

## I. THE MOTION

The motion states that it is brought pursuant to 28 U.S.C. § 455(a), (b)(4), and (b)(5)(iii) and that recusal is mandatory under those provisions. Accordingly, I will limit my discussion to the facts and the law relevant to the Government's motion, as framed.

The facts, as laid out by the Government's brief, are these:

---

[1]The motion was filed by the United States Environmental Protection Agency and joined in by intervenor Alabama Environmental Council.

[2]To the extent that the motion asks the court to vacate its opinions striking the Government's expert witnesses' testimony as not meeting the standards set out at *Daubert*, and accordingly, upon the Government's concession that it could not proceed without the stricken testimony, granting summary judgment to Alabama Power, the motion is moot in light of the Eleventh Circuit Court of Appeals decision on appeal. *United States v. Alabama Power Company*, 730 F.3d 1278 (11th Cir. 2013).

- Judge Hopkins'[s] mother owned 1,000 shares of defendant Alabama Power Company's parent corporation, Southern Company. That ownership lasted for at least a decade, including several years after the judge was assigned the case in 2004. The Judge knew of her mother's ownership for some portion of that time.

- The Judge, during the pendency of this case, received a Durable Power of Attorney in January 2009 that gave her fiduciary control over her mother's stock in Southern Company. The shares were sold in May 2009.

- In November 2010, Judge Hopkins purchased shares in a utility sector mutual fund that had substantial holdings in Southern Company and other coal-fired utilities facing similar lawsuits to this one.

Each of these three financial interests disqualified Judge Hopkins from this case and mandated recusal. 28 U.S.C. § 455(b)(4), (5). The Judge did not disclose these facts to the Parties until after judgment was entered and only when the United States inquired. The totality of circumstances create a record where Judge Hopkins'[s] "impartiality might reasonably be questioned," another basis requiring recusal. 28 U.S.C. § 455(a).

(Doc. 386-1, at 7).

## II. THE STATUTE

In relevant part, 28 U.S.C. § 455, provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

***

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

***

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

***

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

***

(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

***

(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

(I) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

***

(f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

## III. ANALYSIS

First, under subsections (b)(4), (b)(5)(iii), and (f), interests which could not be substantially affected by the outcome of the proceeding do not require recusal. None of the "interests" to which the movant refers could be substantially affected by this matter.

Further, no one disputes that I have "devoted" "substantial judicial time" to this matter. Further, the statute creates a class of people -- specifically, my spouse and my minor children who reside in my household -- whose ownership interests are imputed to me, and as to whom I have a duty to inform myself about ownership interests. Notably, my mother is not within that class. It is also undisputed that my mother executed a durable power of attorney appointing me her attorney in fact in January of 2009. Up until that date, I did not want to know about my mother's investments (nor did I have any obligation to inquire). However, after she executed the power of attorney to me, I felt I should inform myself about all of her investments, and I did. I realized that she owned 1,000 shares of stock of Southern Company. Alabama Power is a wholly owned subsidiary of Southern Company. I asked my mother to sell the stock precisely because of this case. I did this because even if, instead of giving me power of attorney, my mother had died in January of 2009, and assuming that her death resulted in my direct ownership interest of a portion of her estate as one of her heirs, under Section 455(f) "disqualification is not required if the ... judge ...divests ... herself of the interest that provides the grounds for the disqualification." In other words, although the power of attorney was not equivalent to a direct ownership interest by me, I treated it as though it were and asked my mother to sell the stock so that, even under the highest standard, the stock would fall within the Congressionally-created "cure." At the end of the day, the decision was my mother's; she agreed to sell the stock. The sale occurred in May, 2009.

Since, even under a standard higher than that warranted by the facts, the sale "cured" any recusal issue related to my mother's stock ownership of Southern Company, and since no reasonable person could think it appears improper for a judge to go beyond what is required and apply a cure that is both Congressionally created and unnecessary, the Government's motion, to the extent it

relates to that stock ownership, is due to be denied.

The Government's motion, to the extent that it is based on my ownership, between November and December of 2010, of shares of an exchange traded fund, specifically, shares of iShares S&P Global Utility Index Fund, also is due to be denied. An exchange traded fund is a "common investment fund." Congress expressly permits a judge to invest, without disqualification, in a common investment fund unless the judge "participates in the management of the fund." 28 U.S.C. § 455(d)(4)(I). It is undisputed that I did not participate in the management of this fund. Further, until the Government's motion, I did not realize that one of the many companies that iShares S&P Global Utility Index Fund invested in was Southern Company, nor did (or do) I know the names of the other entities who, during that approximately one month period, were in litigation with the United States, much less about what issues. Thus, this investment clearly was statutorily permitted and no reasonable person would think it appears improper for a judge to own a statutorily permitted investment. The Government's motion, to the extent that it is based on my investment in this fund, is due to be denied.

Finally, no reasonable person would think that these facts, in combination, create an appearance of impropriety.

**IV. CONCLUSION**

For the reasons set out above, the pending motion is due to be, and hereby is, **DENIED** to the extent it was not made moot by virtue of the Eleventh Circuit's decision in *U.S. v. Ala. Power Co.*, 730 F.3d 1278.

**DONE** and **ORDERED** this the 5th day of February, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge